Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 01 C 51 | **DATE** | 4/25/2002 |
| **CASE TITLE** | Nav-Aids Ltd. vs. Nav-Aids USA, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated in the attached Memorandum Opinion and Order, plaintiff's motion for rule to show cause [42-1] and to enforce terms of settlement agreement [42-2] is granted in part and denied in part and defendant's motion to enforce the terms of the settlement agreement [50-1], conduct limited discovery [50-2] and for damages [50-3] is granted in part and denied in part. All matters relating to the referral of this action having been resolved, the referral is closed and the case is returned to the assigned judge.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | number of notices |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | | APR 26 2002 date docketed |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | | docketing deputy initials |
| ✓ | Copy to judge/magistrate judge. | | 4/25/02 date mailed notice |
| KF | courtroom deputy's initials | Date/time received in central Clerk's Office | KF mailing deputy initials |

Document Number 53

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED
APR 2 6 2002

NAV-AIDS LTD.,
a Quebec corporation,

    Plaintiff,

v.

NAV-AIDS USA, INC.,
an Illinois corporation,

    Defendant.

No. 01 C 0051

Chief Judge Aspen
Mag. Judge Mason

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

On November 30, 2001, the District Court issued a permanent injunction against defendant Nav-Aids USA, Inc. ("USA"), ordering that it cease its use of the Nav-Aids designation and also make changes to its product numbering system so that it was no longer identical to the product-designation numbering system used by plaintiff Nav-Aids, Ltd. ("LTD"). The parties entered into a settlement agreement which reiterated and expanded upon these terms to include USA's agreement that it would also cease using product-designations that were derived from, but not identical to, those of LTD.

LTD alleges that USA has not complied with the terms of the injunction and has also breached the settlement agreement. It has filed a motion for a rule to show cause why USA should not be held in contempt and also to enforce the settlement agreement.[1] After this

---

[1] Although the plaintiff's motion was styled as a motion for an Order for a Rule to Show Cause, the parties addressed the merits of the ultimate question before us – whether USA should be held in contempt – in their briefs as well. Because there are no disputed facts at issue, we impliedly grant LTD's motion for a Rule to Show Cause and consider its request that we find USA in contempt.

opinion was completed, but before it was entered, the District Court referred to us a motion from USA which alleged that LTD has breached the settlement agreement by disparaging USA to its customers and tortiously interfering with its business, and also by using the name Nav-Aids USA on its website. For the following reasons, we grant LTD's motion for a rule to show cause and find USA in contempt of the permanent injunction and settlement agreement. Additionally, we order both parties to comply with their responsibilities under the settlement agreement and grant each party the right to conduct limited discovery on outstanding issues, as we explain below. We decline to order USA damages at this time, reserving the issue until after additional discovery is completed.

Until October, 2000, USA acted as a distributor for LTD, selling ground support products LTD manufactured for use with commercial, private, and military aircraft. After LTD terminated the distributorship, it requested that USA cease selling other manufactures' products using LTD's product designation system[2] and also stop using LTD's trade name (Nav-Aids) and trademarks on its websites, in its domain names, and in any other advertising. When USA failed to do so, LTD sought and obtained a preliminary injunction which prevented USA from using LTD's identical parts numbers to sell non-LTD equipment.[3] During the pendency of the preliminary injunction, the parties entered into a settlement agreement under which, *inter alia*, USA also agreed to change its parts numbers

---

[2] As explained in the District Court's order granting partial summary judgment and a preliminary injunction in favor of LTD, during the pendency of the parties' business relationship, USA apparently used LTD's numbering system for all of its products, with LTD's tacit approval. LTD contends that consumers associate the parts-designation system with it and its company.

[3] At the time the preliminary injunction was entered, only USA's military products used a designation system identical to LTD's; the Court declined to enjoin USA from using a similar, but not identical numbering system on its non-military products.

2

for non-military products that were based on, but not identical to, LTD's numbers.[4] When the District Court converted the preliminary injunction to a permanent injunction, it enjoined USA from, *inter alia*, "using an identical product designation system to that of LTD."

LTD alleges that USA has violated both the injunction and the parties' settlement agreement in at least three ways. First, LTD alleges that at an industry convention soon after the permanent injunction was entered, USA displayed a military product that bore LTD's identical numbering designation.[5] LTD contends that it requested that USA remove the product from its display, but that USA never responded.

Second, LTD alleges that until it filed the present motion on January 28, 2002, the military catalog on USA's website used LTD's identical product designation system. In a supplemental memoranda filed about ten days after its original motion, LTD recognized that USA subsequently removed the on-line catalog, but alleges that it failed to clean up all the links on its website, so that the Nav-Aids trademark and certain LTD products could still be seen on some of the site's pages.[6]

Finally, LTD alleges that LTD's parts numbers are still registered under USA's profile

---

[4] LTD's parts designation system uses meaningful combinations of letters and numbers to designate each product, the type of aircraft it is used for, and other specific product features. USA had changed its non-military parts numbers by taking the LTD parts numbers and adding a single letter prefix to each one; it had not changed its military parts numbers at all.

[5] It is important to understand that it is not the sale of identical aircraft products, but the way they are numerically identified, that is at issue here. Many companies make, distribute and sell similar or even identical products, identifying them using various designations. LTD argues that its product designation system is identified as its own, and potential customers use it to ask for particular LTD products.

[6] LTD's reply brief alleges that USA continues to use LTD's parts numbers and model numbers throughout its on-line catalog.

3

in the Central Contractor Registration ("CCR"), an organization that registers all private contractors for the United States Department of Defense ("DOD"). Private contractors may not conduct business with the DOD unless they are registered with CCR. The CCR is a department within the Defense Logistics Agency ("DLA"), which itself is part of the DOD. Through the CCR, the DOD or other contractors and suppliers are able to determine all products offered for sale by any contractor or supplier. Because LTD parts numbers are still registered under USA's profile, LTD alleges that a search for any of its products in the CCR registry will bring up both LTD and USA parts.

In response to LTD's motion, USA does not deny any of the allegations. Instead, it explains that achieving total compliance with the permanent injunction and settlement agreement has been more complicated than anticipated, and thus has taken much longer than expected. USA points out that it is a small company which is basically run by only three individuals[7], and argues that it has been using its best efforts to comply. Further, it admits that with regard to its military catalogue, it was originally under the misapprehension that military parts were not subject to the injunction and thus the numbering system did not have to be changed. USA alleges that it is now in compliance with the directive that it change its parts numbers. USA also argues that it made a request to the CCR months ago to change its profile and that it has no control over when the CCR complies. Finally, USA states that although it is possible that it has overlooked some uses of the Nav-Aids trademark, such occurrences are to be expected after twenty years in business with LTD, and that it is making changes as they are discovered.

---

[7] A fourth individual, who was in charge of creating and updating USA's website, departed the company in November, 2001. USA argues that her departure greatly hampered its ability to make all necessary changes to its website.

4

"Civil contempt proceedings are part of the action from which they stem, and their purpose, of course, is to secure compliance with a prior court order." *D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455, 459 (7th Cir. 1993). In this case, the parties agree that non-compliance with an injunction need not be intentional to support a finding of contempt. *See McComb v. Jacksonville Paper Co.*, 336 US. 187, 191 (1949). Further, "a civil contempt may be established even though the failure to comply with the Court's order was unintentional or done with good intent. *See, Select Creations, Inc. v. Paliafito America, Inc.*, 906 F.Supp. 1251, 1272 (E.D.Wis. 1995), (internal citations omitted). However, USA argues that it is in substantial compliance with the District Court's permanent injunction and has been "reasonably diligent" in attempting to comply, which should obviate the need for a finding of contempt against it. *Id.* LTD of course disagrees, and sets forth a litany of examples which it says demonstrates how "out of compliance" USA remains.

An award of sanctions against a party in contempt of a court order can serve two purposes, either to compel compliance with a previous order or to compensate the other party for losses caused by previous non-compliance. *See McComb Paper*, 336 U.S. at 191. In this case, USA argues that it is taking all possible steps to comply with the Court's directive and the settlement agreement, and that in fact, it has made even more strides since the original motion was filed. However, even assuming that USA is now in substantial compliance with the injunction, it admits that it was in contempt of this Court's order (whether intentionally or not)[8] until very recently, and we believe that LTD should be

---

[8] Although we decline to opine on whether USA's breaches of the injunction and settlement agreement were truly as innocent as it claims, we note that at least one of its arguments – that its president, Robert Mansfield, did not know that military parts numbers
(continued...)

5

compensated for USA's non-compliance, as well as for its breach of the settlement agreement. The Court has broad discretion to fashion an appropriate remedy for USA's contempt. *See Connolly v. J.T.Ventures*, 851 F.2d 930, 933 (7th Cir. 1988) citing *United States v. United Mine Workers of America*, 330 U.S. 258, 303-04 (1947). Possible remedies include a fine against USA or an award to LTD of USA's profits from the sale of mis-numbered products, or a combination of both.

As in *Connolly,* we believe that an appropriate remedy is to award LTD the profits USA received as a result of selling products using LTD's product numbering system. Although this amount may not exactly reflect LTD's lost sales, it does serve to compensate LTD for losses that cannot be calculated, such as those resulting from USA's continued use of the Nav-Aids designation on its website, and will also deter future non-compliance. We recognize that an exact determination of USA's profits will require additional discovery by the parties and find that the relevant time period for discovery of USA's profits is January 15, 2002 (the end of the 45 day wind-up period), to the date of this order. Because it appears from LTD's briefs that it has a record of which products USA continued to offer for sale using LTD's identical and similar product numbers, it should provide a list of such products to USA along with any additional discovery requests it needs to determine the amount of the award. As for USA's allegations against LTD, before deciding whether it is appropriate to award damages, we will allow USA to conduct its own limited discovery regarding LTD's use of the Nav-Aids USA designation and its alleged interference with

---

[8](...continued)
were included in the injunction – is not very credible. Both the preliminary and permanent injunction clearly prohibit the use of "identical" parts numbers and in fact, it was only the military aircraft parts that used identical numbers.

USA's business. We recognize that the parties may dispute the identification of USA's relevant products or the exact amount of USA's profits, as well as the scope of LTD's alleged breach, and thus invite additional briefing on the issues after all discovery is complete. At this point, each party is ordered to bear its own costs and fees. It is so ordered.

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: April 25, 2002