Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 51 | **DATE** | 6/19/2002 |
| **CASE TITLE** | Nav-Aids, Ltd. vs. Nav-Aids USA, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  USA's Rule 72(a) objection to Magistrate Judge Mason's order is overruled. We hereby vacate any stay or injunction preventing LTD from proceeding with collection proceedings on its judgment against USA.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUN 20 2002 date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 6/19/2002 date mailed notice | |
| GL | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NAV-AIDS LTD.,  )
A Quebec Corporation  )
 )
    Plaintiff,  )
 )
v.  )  Case No. 01 C 0051
 )
NAV-AIDS USA, INC.,  )
An Illinois Corporation  )
 )
    Defendant.  )
 )

DOCKETED JUN 2 0 2002

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

Defendant Nav-Aids USA, Inc., now known as Nav-USA, Inc. ("USA"), has filed a Rule 72 Motion objecting to the May 6, 2002 decision of Magistrate Judge Mason denying USA's motion seeking to vacate judgment or enjoin Plaintiff Nav-Aids, Ltd. ("LTD") from pursuing collection proceedings. For the following reasons, we decline to set aside the May 6 ruling.

LTD and USA are parties to a Settlement Agreement entered into on November 27, 2001 to resolve a dispute as to their respective businesses selling aircraft and flight systems testing equipment. Pursuant to the Settlement Agreement, USA has agreed, *inter alia,* to pay LTD ten monthly installments of $19,618.14 each month beginning on January 10, 2002. USA made three timely payments to LTD under the Settlement Agreement, but was unable to make its April 2002 payment. Faced with the initiation of collection proceedings by LTD to recover the remainder of the judgment, USA moved in the Magistrate Court to vacate the judgment or enjoin LTD from pursuing collection proceedings.

USA's primary argument is that LTD's own conduct prevented USA from fulfilling its obligations under the Settlement Agreement. Specifically, USA points to communications LTD has had with federal government officials that it believes induced the government to debar USA from receiving government contracts. Because of this debarment, USA has been prohibited from performing on contracts awarded to it totaling over $220,000. LTD's communication with the government consisted of a 6 page letter and various assorted documents. The letter makes specific reference to the ongoing dispute between LTD and USA and specifically mentions the criminal conviction of USA's Robert Mansfield. Indeed, attached as an exhibit to the letter is a copy of Mr. Mansfield's June 17, 1999 wire fraud conviction and sentence. USA contends that, because of this letter and the facts stated therein, the United States Defense Logistics Agency, on March 18, 2002, debarred USA from receiving government contracts

The Settlement Agreement provided that LTD would not disparage, defame or otherwise tortiously interfere with USA's business endeavors. According to USA, LTD's bad faith in supplying the government documentation related to Mansfield's criminal problems directly resulted in USA's being debarred. As such, USA argues that it is entitled to equitable relief from collection proceedings by LTD because LTD tortiously interfered with USA's contractual relationship with the government. Magistrate Judge Mason disagreed and denied USA's motion. We affirm that ruling as not clearly erroneous.

As a non-dispositive pre-trial ruling, the Magistrate's denial of USA's Motion to Vacate cannot be modified or set aside unless we find it to be "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). "A finding is clearly erroneous when, although there may be some evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has

2

been committed." *Thornton v. Brown*, 47 F.3d 194, 197 (7th Cir. 1995)(internal citations omitted). Thus, in order to overturn Magistrate Judge Mason's May 6, 2002 ruling, we must have the definite and firm conviction that he made a mistake.

In its reply to LTD's response, USA acknowledges that its obligation to pay under the Settlement Agreement is independent from LTD's obligation not to tortiously interfere with USA's contractual relations. USA argues, rather, that it should be granted equitable relief until such time as any tortious interference claim it may have against LTD is decided.

The crux of the "clearly erroneous" standard is that a reviewing court will not substitute its own judgment for the judgment of the lower court on issues that could go either way. Presented with the same facts and deciding USA's claim *de novo*, we may have decided the motion differently. However, as USA's motion to vacate or stay went to Magistrate Judge Mason for initial disposition, our role as a reviewing court is decidedly less prominent. It is not our place to decide whether we would have decided the motion differently. Rather, our sole role is to overturn the Magistrate's decision *only if* we have the "definite and firm conviction" that a mistake has been made. *Thornton*, 47 F.3d ay 197. After reviewing the parties' submissions on this matter, we do not have such a definite and firm conviction.

We are not convinced that LTD's letter to the government detailing Mr. Mansfield's criminal trouble is, in and of itself, a violation of the Settlement Agreement provision prohibiting LTD from disparaging, defaming or otherwise tortiously interfering with USA's business endeavors. But we need not base our decision today on this ground. Indeed, we express no opinion today on the availability of such a tortious interference claim. For even assuming *arguendo* that LTD did tortiously interfere with USA's business endeavors in violation of the Settlement Agreement, USA has not convinced us

3

that this alone would be a basis for granting them equitable relief staying LTD's collection proceedings. USA has acknowledged that its obligation to pay under the Agreement is independent from LTD's obligations under the Agreement and we agree. Whatever claim USA may have against LTD would be separate and independent from LTD's claim for payment. At the least, we are not definitely and firmly convinced that it should be otherwise.

USA's Rule 72(a) objection to Magistrate Judge Mason's order is overruled. We hereby vacate any stay or injunction preventing LTD from proceeding with collection proceedings on its judgment against USA.

It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated: 6/19/02

4